UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN BERRIOS, and ) <br> NORA BERRIOS, ) <br> ) <br>     **Plaintiffs** ) <br> ) <br> ) <br>     v. ) <br> ) <br> **SGT. LOU ACCURI,** an East Chicago Police ) <br> Officer, ) <br> **EAST CHICAGO POLICE DEPARTMENT,**) <br> **CITY OF EAST CHICAGO,** ) <br> **OFFICER JANSKY,** an East Chicago ) <br> Police Officer, ) <br> **OFFICER APONTE,** an East Chicago ) <br> Police Officer, and ) <br> **JOHN DOE,** an East Chicago Police ) <br> Officer, ) <br> ) <br>     **Defendants** ) | No. 2:03cv0424 AS |

*MEMORANDUM OPINION AND ORDER*

On or about October 3, 2003, these plaintiffs, John and Nora Berrios, by counsel, filed the within complaint purporting to state claims under 42 U.S.C. §1983 and to invoke this court's subject matter jurisdiction under 28 U.S.C. §§1331 and 1343(3). The defendants have filed an extensive motion for summary judgment on January 3, 2005, and the plaintiffs responded on March 20, 2005. This court held an oral argument in Lafayette, Indiana on May 24, 2005 which was attended by counsel for plaintiff but not the defendants.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324  (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998).  A question of material fact is a question which will be outcome determinative of an issue in the case.  The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248.  Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.*  The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994);  nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

This court will take up first the motion for summary judgment as it pertains to the municipal entity, the City of East Chicago, Indiana. As was indicated at the oral argument, the general concept of respondeat superior is not available in §1983 litigation. Neither is it appropriate to bottom decisions in §1983 cases on negligence. *See Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986). The basic Supreme Court case on this concept of respondeat superior is *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). For a most recent explication of *Monell*, *see Calhoun v. Ramsey*, No. 03-3036 (7th Cir. May 17, 2005). Under *Monell*, the City of East Chicago is entitled to summary judgment.

This court will deal here with only the remaining <u>federal</u> constitutional claims but will not deal here with the purely state law claims. As indicated in the open court proceedings, it is not really disputed nor is it claimed here that the defamation claims fall within the ambit of §1983. Such claims do not. *See Paul v. Davis*, 424 U.S. 693 (1976). Also as indicated, there is no issue here under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The central issue raised by the plaintiffs in this case has to do with searches of a residence located at 3929 Grand Boulevard, East Chicago, Indiana.  One such search was pursuant to a search warrant on January 12, 2002, and another one was on August 1, 2002.  Certainly the proceedings involving those searches must be examined under the Fourth Amendment of the Constitution of the United States which certainly applies here.  In each case there was a warrant submitted to a judge of the Superior Court of Lake County who signed off on the warrant.  It does not appear to be the basis of any claim here that the affidavit for the search warrant was deficient under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978).  Certainly searches pursuant to a warrant in contrast to warrantless searches are generally favored.  There was once a time when the level of information required from an informant was examined under *Spinelli v. United States,* 393 U.S. 410 (1969) and *Aguilar v. Texas*, 378 U.S. 108 (1964).  However, the formulation is now under *Illinois v. Gates*, 462 U.S. 213 (1983).  *See also Ornelas v. United States*, 517 U.S. 690 (1996).  In this circuit, *United States v. Peck*, 317 F.3d 754 (7th Cir. 2003), and *United States v. Koerth*, 312 F.3d 862 (7th Cir. 2002) become relevant.  Here, the state judge complied with *Gates*.

When one looks at the array of cases in this circuit, one cannot help escape the applicability of *United States v. Leon*, 468 U.S. 897 (1984).  A recent decision covers these points well.  *See United States v. Olson,* No. 03-3756 (7th Cir. May 16, 2005).  To this court the affidavit for search warrant passes constitutional muster under *Gates* and its

4

progeny in this circuit even without reliance on *Leon*, *supra*.  This court is also aware of the teaching of *Luellen v. City of East Chicago*, 350 F.3d 604 (7th Cir. 2003) which was born in a factual context not dissimilar from this one.  Candor also requires this court to have serious reservations about the probable cause for arresting the plaintiff John Berrios on August 1, 2002.  The elements of IC 35-48-4-13 may be relevant and worthy of consideration, but the fundamental question is whether there is arguably enough probable cause for that arrest and that is thin, to say the least.  However, there was enough, if only barely enough, for that to take place.  *See also* the teaching of *Bovey v. City of Lafayette*, 586 F.Supp. 1460 (N.D .Ind. 1984), *aff'd by unpublished order*, 774 F.2d 1166 (7th Cir. 1985).

This court does not conceive that there is a significantly different standard or problem with regard to any assertion of conspiracy under 42 U.S.C. §1985(3) that works out in favor of the plaintiff here.  The decision of this court is a simple and straightforward one.  There was enough probable cause stated in the affidavits for search warrant here to comply with the Fourth Amendment, and there was enough probable cause for the arrest of the plaintiff, John Berrios, if only barely enough.  There may also be a backup protection for the defendants in *Leon, supra*.

Thus, summary judgment is **GRANTED** in favor of the individual defendants and against the plaintiffs on the claims made asserting <u>federal</u> rights.  All state law claims are now **DISMISSED WITHOUT PREJUDICE** so that the same may be prosecuted in a

state court if the plaintiffs so desire.  There are some very unique developments in state law, especially with regard to the intentional infliction of mental pain and suffering that can best be thoroughly and carefully explored in a state court of Indiana.  *See Kemezy v. Peters*, 622 N.E. 2d 1296 (Ind. 1993).  The Clerk shall enter judgment accordingly, and each party here will bear its own costs.  **IT IS SO ORDERED**.

   **DATED:**  May 26, 2005

                                                      **s/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**